FRANK B. RICH, Respondent, *v.* AMERICAN TOBACCO COMPANY,
Appellant.

First Department, May 16, 1924.

**Motor vehicles — action for personal injuries suffered by plaintiff when
he was struck by defendant's automobile at street intersection —
defense that driver of automobile was not using it in defendant's
business at time of accident — uncontradicted evidence showed that
driver was operating automobile outside his territory and was carrying
passengers contrary to employer's instructions — fact that defense was
not interposed in original answer and that defendant's manager changed
his testimony is not sufficient to raise question of fact as to credibility
of witnesses or probability of testimony — judgment in favor of plaintiff
reversed.**

In an action to recover damages suffered by the plaintiff when he was struck by
defendant's automobile at a street intersection, in which the defendant interposed
the defense that at the time of the accident the automobile was being used by
its employee for his personal use, and outside of its business, a question of fact
was not presented for the jury and the judgment in favor of the plaintiff must
be reversed, since the uncontradicted evidence showed that the defendant's
employee who was driving the automobile at the time of the accident had
gone outside the territory in which he worked and was also violating a rule of
the defendant that a chauffeur should never carry any passenger while driving
defendant's automobile.

The mere fact that the defense was not interposed in the original answer but was
raised in an amended answer served about seven months after the complaint
was served, and that defendant's manager testified that there was a printed
rule forbidding salesmen from departing from their territory, and afterwards
changed this testimony and stated that no instructions to employees were in
printed or written form, does not amount to a contradiction of the testimony
nor is it so suspicious or improbable as to engender disbelief therein, and these
facts did not, therefore, raise the question of the credibility of the witnesses or
the probability of the testimony justifying the submission to the jury.

APPEAL by the defendant, American Tobacco Company, from
a judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of New York on the 8th day
of March, 1923, upon the verdict of a jury for $5,000, and also
from an order entered· in said clerk's office on the 13th day of
March, 1923, denying the defendant's motion for a new trial made
upon the minutes.          ·

*E. C. Sherwood* [*Clarence S. Zipp* of counsel], for the appellant.

*Keron F. Dwyer,* for the respondent.

McAVOY, J.:

Plaintiff recovered a judgment against the defendant for injuries
alleged to have been sustained when plaintiff was struck by an

automobile of defendant company at the intersection of Thirty-fourth street and Eighth avenue, Manhattan, city of New York.

Plaintiff was a pedestrian, crossing Thirty-fourth street in a southerly direction to the west of Eighth avenue. He was struck by a Ford runabout which had come south on Eighth avenue and swung westerly into Thirty-fourth street, and defendant conceded ownership of the car.

The appeal raises the contention that the uncontradicted evidence shows that defendant was not in control of the automobile at the time of the accident, and since it was not being used in pursuance of defendant's orders or in furtherance of its business, it is asserted that defendant could not be held liable for injuries suffered by anybody while the instrumentality of injury was absent from its control. The principle of law involved is not disputed by plaintiff, but he insists that from the facts developed in respect of this defense, a question of fact arose for the jury to pass upon as to whether or not the chauffeur, at the time of the happening of the accident, was engaged in the master's business, or was enjoying an excursion for his own purposes. Concededly the chauffeur was in the general employment of the defendant. Whether he had departed from this employment or not was the question of fact which the plaintiff claims was for the determination of the jury. The testimony that he had so departed from his master's usual employment was not directly contradicted, but it is claimed that inferences arose which indicated that when the injury occurred the chauffeur was still pursuing the master's business and using the automobile in furtherance of that business. The matters from which it is claimed such inferences arose are:

That the answer originally served did not contain the defense that the servant had departed from his usual course of employment and was engaged in operating the car apart from that occupation, but that this defense was raised by an amended answer served several months after the complaint had been served on defendant.

It is also urged as throwing suspicion upon the character of the defense that defendant's manager who testified that there was a rule forbidding salesmen from departing from their territory printed for the guidance of the employees, afterwards withdrew this testimony and stated that no instructions to employees were in printed or written form.

It does not seem to us that these instances cited by the plaintiff as throwing suspicion on the case made out for the defendant were sufficient to raise a question of fact as to whether or not the chauffeur was employed at the time of the injury in the master's business.

On the day of the accident Cohen, the chauffeur, had been working above One Hundred and Tenth street. He had received his instructions from Edwin Oakes, division manager of defendant. He was assigned to the territory between One Hundred and Tenth and One Hundred and Ninety-third streets. His hours were from eight-thirty A. M. to five-thirty P. M., except on Saturdays when he ceased work at one P. M. He was given strict instructions to use the automobile in his charge on the company's business only in the section where he was employed. He was never to take anybody in the car. He was told that a violation of this rule meant instant dismissal. On the day in question he started south from uptown about twelve-thirty and went to the office of a candy and tobacco jobber named Politas on West Fortieth street to buy some chocolates for his personal use. He had no business of the defendant to transact below One Hundred and Tenth street. At the place of Politas he saw a Miss Swartz preparing to go to the bank and volunteered to take her there. He took her from the place of business which he visited to the bank at Thirty-fourth street and Eighth avenue and after having visited the bank started from Eighth avenue and went into Thirty-fourth street on his way back to the candy shop in Fortieth street with Miss Swartz, and while turning the corner on his return with her the accident happened. He had meantime picked up another acquaintance, named Kurtz, on Eighth avenue, who was also in the car. After the accident he took Miss Swartz back to the Politas place.

Oakes, the division manager, testified to the territory to which Cohen was assigned and that he was forbidden to go outside of the territory; that he was not to carry passengers; that he was to use the car for business purposes only, and that he had no work to perform at Fortieth street and Eighth avenue.

The girl who accompanied the driver, Miss Swartz, when called as a witness, said that she was employed by the South American Tobacco and Candy Company, which was the business of Politas, located in West Fortieth street. She said she was making up the deposit of the concern on the day of the accident and Cohen, the driver, offered to take her down to the bank in his car. She went to the bank, made the deposit and leaving the bank started to go back to the store in the automobile, and it was on the return to the store that the accident happened. She was then taken back to Politas' place by Cohen in the car.

An employee of the bank where the deposit was made, the Manufacturers Trust Company, produced the deposit slip used by Miss Swartz on the day of the accident.

As indicated heretofore in the summary of plaintiff's contention

there is no contradiction of the testimony, nor is the incident itself so suspicious or improbable as to engender disbelief in its recital. There was, therefore, nothing upon which the jury could pass with respect to either the credibility of the witnesses or the probability of the narration. Cohen, the driver, and the servant of the defendant company, disobeyed his instructions by failing to return his car to the garage at one o'clock and by using the car in territory outside of that in which he was authorized to operate the car. His errand was wholly personal, both in his visit for the purpose of purchasing candy, and in extending the convenience of the car to escort Miss Swartz to the bank, and in no aspect of his use of the car could he be said to be engaged in the business of the defendant which would give him the character of its servant at the time of the accident.

The judgment and order should be reversed, with costs, and judgment directed for the defendant, with costs.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Judgment and order reversed, with costs, and judgment directed for the defendant, with costs.